FERGUSON, Judge
(dissenting in part, concurring in part).
The ten-month marriage between the parties was dissolved by a final judgment entered May 19, 1981, which incorporated a property settlement agreement. By terms of the generous agreement, appellant-wife was awarded $200,000 in tax free municipal bonds, one-half interest in and exclusive occupancy of the $150,000 condominium purchased by the husband, and alimony of $100 per month for ten years.
On October 20, 1981, appellee-husband, a 76-year-old retired physician, filed a complaint to set aside the property settlement agreement, dissolution of marriage, final judgment entered therein, and for annulment of the marriage. He alleged in his complaint, later amended, that (1) the agreement was prepared by an attorney who at the time represented both parties and who later became the wife’s attorney, (2) the attorney who purported to represent him was chosen by the wife’s attorney, and (3) the marriage was the product of deception in that the wife was physically incapable of coitus. Appellee’s amended complaint was dismissed with prejudice by order of November 8, 1982; the court reserved jurisdiction to tax costs and assess attorney’s fees. On June 16, 1983, an order was entered, from which this appeal is brought, denying costs and fees on a finding that although appellant is entitled to a reasonable attorney’s fee, “this Court [is]... of the opinion that the [appellant] has the ability to pay her own attorney’s fees.”
Appellant contends that the court abused its discretion in denying an award of fees and costs. The majority reverses. I dissent as to the award of attorney’s fees.
The proper criterion in determining a wife’s entitlement to attorney’s fees is the relative financial resources of the parties, whether in an original proceeding, see Golden v. Golden, 410 So.2d 945 (Fla.3d DCA), rev. denied, 419 So.2d 1197 (Fla.1982) or post-judgment proceeding. Gray v. Gray, 362 So.2d 294 (Fla.2d DCA 1978). Here there is no showing by clear and *577 substantial evidence of appellant’s inability to pay, or appellee’s ability to pay.
Jaffee v. Jaffee, 394 So.2d 443 (Fla.3d DCA 1981) does not support the majority holding. Jaffee involved a twenty-year marriage wherein the husband, who clearly had the ability to pay, sought to reduce an alimony award based on changed circumstances which were contemplated at the time of the original agreement. In Jaffee the court was reviewing the merits of the case and was in a position to conclude that the husband’s claim was totally meritless. In this case the appeal is solely from the denial of costs and fees and on this sparse record the court is entirely unable to say, as the majority does, that the husband’s claim “was totally meritless.”
Additionally, the trial judge in this case was in a better position to know of the parties’ relative financial resources since she had also heard the dissolution action. I dissent because the majority has simply substituted its judgment for that of the trial judge in a matrimonial action, in violation of Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983); Conner v. Conner, 439 So.2d 887 (Fla.1983); and Lopez v. Lopez, 438 So.2d 984 (Fla.3d DCA 1983). No abuse of discretion by the trial court is demonstrated. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).